**Paul L. MATYA, Plaintiff–Appellant,**

v.

**The DEXTER CORPORATION,
Defendant–Appellee.**

No. 06–2327–cv.

United States Court of Appeals,
Second Circuit.

Oct. 12, 2007.

Robert A. Liebers, Burgett & Robbins, LLP, Jamestown, NY, for Plaintiff–Appellant.

Daniel P. Forsyth, Bond, Schoeneck & King, PLLC, Buffalo, NY, for Defendant–Appellee.

PRESENT: Hon. WILFRED FEINBERG, Hon. SONIA SOTOMAYOR, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Paul L. Matya ("Matya") appeals from the district court's entry of judgment for defendant-appellee The Dexter Corporation ("Dexter") on its motion for summary judgment on Matya's claims under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq.; the New York Human Rights Law ("NYHRL"), N.Y. Exec. Law § 290 et seq.; and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq. Matya also appeals the district court's denial of his motions for an adverse inference and to amend his complaint. We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ Matya alleges that the district court erred in holding that he failed to establish a prima facie case of discrimination under the ADA, because he presented evidence sufficient to create a genuine issue of fact on whether his depression substantially limited the major life activities of concentrating, thinking, remembering, interacting with others, and sleeping. See Fed.R.Civ.P. 56(c). We need not decide whether all of the functions that Matya claims were affected by his depression are "major life activities" within the meaning of the ADA, see 29 C.F.R. § 1630.2(i); Colwell v. Suffolk County Police Dep't, 158 F.3d 635, 642 (2d Cir.1998) (recognizing that the list of major life activities in the regulations "is illustrative, and not exhaustive"), because Matya failed to present evidence that he was substantially limited in any of those functions. The record contains only general accounts of the effects of Matya's depression, none of which demonstrate that Matya was "unable" or "significantly restricted" in his ability to perform the major life activities he identifies, see 29 C.F.R. § 1630.2(j)(1), such that a reasonable trier of fact could conclude he was substantially limited. See, e.g., Jacques v. DiMarzio, Inc., 386 F.3d 192, 203 (2d Cir.2004) (explaining that substantial limitation in the ability to interact with others requires showing that "the impairment severely limits the plaintiff's ability to connect with others, i.e., to initiate contact with other people and respond to them, or to go among other people—at the most basic level of these activities"); Colwell, 158 F.3d at 644 (holding that "[d]ifficulty sleeping is extremely widespread" and a plaintiff must show "that his affliction is ... worse than is suffered by a large portion of the nation's adult population").

Because we find that Matya did not establish that he has a disability that is protected by the ADA, we also do not

address whether Dexter's proffered reasons for discharging Matya were pretextual or whether Dexter denied Matya a reasonable accommodation.

■ Matya further argues that the district court erred in finding that he had not established a *prima facie* case under the NYHRL, because he presented substantial evidence of impairment as a result of his depression and carpal tunnel syndrome. As an initial matter, we note that Matya's complaint does not present a claim of discrimination under the NYHRL based on carpal tunnel syndrome. The NYHRL cause of action alleges only that Dexter "discriminated against [Matya] in violation of the [NYHRL] when it engaged in the actions described in the First, Second and Third Causes of Action." Compl. ¶ 62. The relevant sections to which the complaint refers allege violations of the ADA, and Matya conceded that his ADA claims were based solely on depression. *See Matya v. Dexter Corp.*, No. 97–CV–763C, 2006 WL 931870, at *6 (W.D.N.Y. Apr.11, 2006). In addition, Matya's argument—that he presented evidence that his depression was a disability within the meaning of the NYHRL—is irrelevant. The district court did not hold that Matya had failed to establish a disability for purposes of the NYHRL. It recognized that "disability" is defined more broadly under state law than under the ADA, and it assumed that Matya had demonstrated a "disability" under the NYHRL. *Id.* at *8; *see also Giordano v. City of New York*, 274 F.3d 740, 754 (2d Cir.2001) (stating that NYHRL does not require the plaintiff to show substantial limitation in a major life activity). Instead, the court held that Matya had not met his *prima facie* burden because he failed to show that his superiors knew that he "had been diagnosed with

and was being treated for depression." *Matya*, 2006 WL 931870, at *8; *cf. Heilweil v. Mt. Sinai Hosp.*, 32 F.3d 718, 724–25 (2d Cir.1994) (holding that employer does not violate the Rehabilitation Act when it has no notice of employee's condition); *Hedberg v. Ind. Bell Tel. Co.*, 47 F.3d 928, 932 (7th Cir.1995) (holding "that an employer cannot be held liable under the ADA for firing an employee when it indisputably had no knowledge of the disability").

■ Matya also contends that the district court erred in finding that he failed to establish a *prima facie* case of interference with his FMLA rights. Matya alleges that Dexter's "interference consisted of increasing [his] workload during a time that Dexter knew that [he] was going to take leave for his carpal tunnel surgery," and that, as a result, he "did more than [he] should have done and did much more sooner than [he] should have done." Assuming, without deciding, that increasing work to burden an employee returning from FMLA leave constitutes actionable "interference," we agree with the district court that Matya presented insufficient evidence of interference under the FMLA because Matya never communicated to his supervisors or otherwise indicated that he would have trouble completing the tasks assigned to him in the time he was given or that he would have to shorten his leave to complete the assignments, and because Dexter granted Matya leave and accommodation on deadlines for his assignments when he requested them.

Finally, Matya argues that the district court should have granted his motions for an adverse inference and for leave to amend the complaint to include, *inter alia,* claims under the ADA and NYHRL based on a "perceived disability" and retaliation.

Matya's request for an adverse inference was based on his contention that Dexter failed to produce, and had destroyed, records from Matya's meetings with Dr. William Plasse, an industrial psychologist with whom Matya met on several occasions through Dexter. The district court's conclusion that Matya failed to establish (1) the relevance of these documents to his claim, (2) that Dexter purged these records after it should have known of the impending litigation, and (3) that Dexter acted intentionally and in bad faith in purging these records, *Matya,* 2006 WL 931870, at *11, was not an abuse of discretion. *See Residential Funding Corp. v. DeGeorge Fin. Corp.,* 306 F.3d 99, 107 (2d Cir.2002) (reviewing denial of motion for adverse inference under abuse of discretion standard). Nor did the district court abuse its discretion in concluding that Matya's motion to amend his complaint was unduly late, prejudicial to the defendant, and futile, for the reasons stated in the district court's opinion. *See Matya,* 2006 WL 931870, at *12–16; *see also Nechis v. Oxford Health Plans, Inc.,* 421 F.3d 96, 104 (2d Cir.2005) (reviewing denial of motion for leave to amend a complaint under abuse of discretion standard).

Accordingly, for the reasons set forth above, the judgment of the district court is hereby AFFIRMED.